[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14328

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00251-CR-J-25-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE CHANDLER,
JEROME PEARL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(March 31, 2008)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,* District Judge.

PER CURIAM:

George Chandler and Jerome Pearl appeal from a judgment of the United States District Court for the Middle District of Florida, denying their motions for an award of attorney's fees and costs, pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006, historical and statutory notes). This statute confers discretion on a district judge in a criminal case to "award [ ] a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Id.

Chandler and Pearl were both found guilty of a single count of an indictment charging them with conspiracy to commit mail fraud. The judgments of conviction entered on the jury verdict were reversed on appeal because the evidence was insufficient to establish that the defendants were guilty of mail fraud and because the evidence established the existence of multiple conspiracies rather than the single overarching conspiracy alleged in the indictment. United States v. Chandler, 388

---

* Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

F.3d 796 (11th Cir. 2004), substituted on reh'g for <u>United States v. Chandler</u>, 376

F.3d 1303 (11th Cir. 2004). A motion for an award of attorney's fees and costs

followed.

The application was denied by the district judge who presided over the trial.

Specifically, he found that the prosecution for conspiracy to commit mail fraud,

with which Chandler and Pearl had been charged, "was not done in bad faith, but

rather with an honest purpose, and was certainly not the conscious doing of a

wrong," and that "this prosecution was not frivolous, and was in no way brought

to annoy or embarrass the Defendants." Record Excerpts Ex. D at 2. The district

judge continued that,

> while the Eleventh Circuit has determined that the government failed
> to prove . . . the single mail fraud conspiracy, this Court finds that the
> prosecution itself was based on reasonable or probable cause. While
> ultimately rejected, the government's theory of the case centered on
> each of the Defendants fraudulently representing themselves to
> McDonald's as "legitimate winners" when they in fact knew they
> were not.

Id. This theory, the district judge concluded, gave the government "a reasonable

basis to pursue this prosecution." <u>Id.</u>

As we held in <u>United States v. Gilbert</u>, 198 F.3d 1293 (11th Cir. 1999),

we review denial of an award under the Hyde Amendment under an abuse of

discretion standard. <u>Id.</u> at 1298. "An abuse of discretion occurs if the judge fails

to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award [or a denial] upon findings of fact that are clearly erroneous." Id. (internal citation and quotation marks omitted). Under the facts and circumstances presented in this case we cannot conclude that the district court abused its discretion in denying the motions of relief pursuant to the Hyde Amendment. Accordingly, we **AFFIRM**.